We're sort of sorry that we have to do this by Zoom. Our docket sort of evaporated this week, so we have very few oral arguments. But in addition to that, we were all quite concerned about what the travel arrangements were going to be to New Orleans. And so I hope you don't feel terribly inconvenienced by this. I welcome you here. We have read the briefs and excerpts. We have not necessarily read the entire record, so we appreciate your record citations. We also ask you to pay attention to the time clock. However, because this is a Zoom argument, it has been my practice when presiding to give the lawyers about five minutes uninterrupted time at the beginning of their argument. Because sometimes things get a little unclear when we're all speaking on microphones. So with that, we'll recognize Mr. Wright representing the defendants. Thank you, Judge Jones, and may it please the court. More than 100 years of prison time in the aggregate turn on the district court's decision at the gatekeeping stage that the appellants did not present a Davis claim. The district court was just wrong about that, and it's our position that this court should reverse and vacate the gatekeeping decision. I will agree that there are some complexities about this case that would be – this would sound under the merits, but we would ask that the court syndicate back to the district court to decide those issues in the first instance. So in regards to that, Your Honors, it is undisputed that the district court rejected the defendants' arguments that they had been convicted of conspiracy and that the 924C counts were convicted of conspiracy because of mistakes. In Mr. Diggs' case, the district court said if you had been convicted of conspiracy, the maximum sentence would be five years under 18 U.S.C. 371, and you were sentenced to more than that. Now that's just wrong. That's just a mistake of law, and you're standing alone enough to vacate that decision. In Mr. Lott's case, the district court said the record is unambiguous, or I think unequivocal is the word that the district court used in its order resolving his pro se motion. No one can tell you that the record is unequivocal on this point. The government conceded below and in this court that the Hobbs Act counts charged substantive robbery, attempted robbery, and conspiracy to commit robbery. And the elements clause of Section 924C is not enough to make a crime so defined into a crime of violence. So this is absolutely a Davis claim. That's the reason the court denied the appellant's original motions for authorization after Johnson in 2016, and why it denied Mr. Diggs' motion for authorization after DiMaia, citing the cases that said, United States v. Keyland Williams, that 924C hasn't been rendered unconstitutionally vague yet. After Davis, the court authorized both appellants to raise this claim, and they did. Now, the district court very quickly dismissed both actions. I think that the only other thing I would add to that before opening the floor to questions is that if there were any doubt about the nature of the Hobbs Act count, upon which the 924Cs are expressly predicated, they would be resolved by the PSR in this case, something that this court said it could consider in United States v. WESA, the ACCA gatekeeping case, and by the judgments, both defendants' judgments in the case. And by 20 years of consistent positions by the Department of Justice, by the district court, by this court, these were conspiracy counts or an amalgamation of conspiracy, substantive robbery attempt. They were treated as indivisible, and thus these are true Davis claims. And for that reason, Your Honor, we think that the district court's gatekeeping decision was wrong under Fifth Circuit precedent. At this point, I'm happy to open the floor to questions, Your Honors. Well, my question would be, or to begin with, the test we are using now is more likely than not. Is it not? That's what the court has held for the ACCA, under United States v. Clay. And you appeared to be questioning that or preserving some error for future reference, and why? That's based on a circuit split or something? There is a circuit split on that question for the ACCA, Your Honor. We also think it is completely divorced from the text of the statute 2255H, and to whatever extent it incorporates parts or all of 2244B. But I know that the court has decided that question in the context of the ACCA. We do think it's debatable, and I think the court recognized it. But at this point, if this were an ACCA case, I agree the court would be bound by United States v. Clay. Well, I'm embarrassed to say I didn't go back into the original opinion on appeal, but I gather that these fellows were both present when the robbery took place. Is that correct? Robberies. Your Honor, I don't think either of them would concede that. They both went to trial. They both disputed it. And so if we are going to say what the jury necessarily found, the jury necessarily found either that they participated in the robberies or aided and abetted the robberies or attempted or conspired. So there were no visuals? They weren't arrested at the scene? What's the basis for their denying that they were at the scene? Your Honor, I suspect that my friend will say that they absolutely were convicted of robbery. That was the government's evidence, and there was evidence for each of the Hobbs Act counts tending to associate the defendant with the substantive robberies. And I don't think that anybody disputed that a substantive robbery took place. In that regard, this case is like United States v. Reese or United States v. Davis itself where there was both a conspiracy and an actual robbery. The existence of an allegation of actual robbery participation doesn't take a claim like this outside the realm of Davis and outside the realm of 2255H2. So my point about more likely than not is that even though one can argue there's an ambiguity between the indictment and the jury verdict and the indictment charge instructions verdict, even though one can argue that the indictment is broader than robbery, still I think it's pretty plain. I think it's more likely than not that the jury paid attention to robbery, they paid attention to the government's evidence of robbery, and they convicted the defendants of robbery, and isn't that sufficient if we conclude that? I think that's not sufficient, Your Honor. And without conceding the premise of the question, to get right at your point, in WESA and in United States v. Clay, the question is what did the district court rely on in making a legal determination that something is a violent felony? In this case, the district court – the equivalent decision was the one the district court made in instructing the jury that the Hobbs Act count was a crime of violence and in not dismissing the indictment, sua sponte, if you will, and entering conviction under those. So these are questions of law and not fact, and as I understand the WESA and Clay inquiry, we are trying to figure out what is more likely than not that the district court did. And in this case, the district court, more likely than not, relied on the 924C residual clause because the predicated counts, which were deemed crime of violence, did not require proof of the use, attempted use, or threatened use of physical force against person or property. In other words, if the indictment charged both conspiracy or all three, conspiracy, attempt, and substantive robbery, the elements clause alone is not enough to make that a crime of violence. And so in that sense, I think we do satisfy the more likely than not standard, setting aside our disputes with that standard if that's a proper interpretation of the statute. The district court, more likely than not, did rely on the 924C residual clause because that's the only way you could make these predicate counts into crimes of violence. Council, I have two questions. The first is on your first ground for a COA. So I take it from your brief. I was a little confused by the way you briefed the first question. So is your position that the first ground of the COA is foreclosed by Reyes-Riqueno or not? The first ground, I mean, I have them numbered that way. That's on whether or not the district court has a role to play. It's definitely Reyes-Riqueno decided that against us. At the time that we briefed the COA and in the briefing, there was some dispute about another aspect of that decision. Judge Oldham, I suppose you know that that disputed aspect, the en banc court, reaffirmed that piece of Reyes-Riqueno. And I also want to be clear that I think every circuit has decided that narrow question the same way. I just think it's wrong. We think it's wrong. And we don't think that the Supreme Court would uphold that if it were to go up to the Supreme Court. But I cannot cite a circuit case, for instance, that has overturned or overruled that aspect of Reyes-Riqueno. And, in fact, Wiesa and Clay, the decisions that we mentioned, presume that it's correct and apply it in context of the ACCA. Is there a judge in the country who has suggested that 2244B's restrictions are not imported into 2255H? I understand that you say that there's no Fifth Circuit case. I'm not aware of a Supreme Court justice suggesting that that part of Reyes-Riqueno was wrong. And I'm curious if there is a judge somewhere in America who has. I don't know the answer to that question, at least I cannot recall at this moment. So what would be the basis for saying that jurists of reason could debate it? Because just the language of the statute, the language of 2255H says that a successive 2255 motion must be authorized as provided in 2244. The authorization in 2244 is something that the court of appeals does. It is not something that the district court does. And so the balance of 2244, with the exception of the very first subparagraph, is specific to petitions for habeas corpus of a defendant who is held pursuant to a state court judgment. And so the text of 2244B combined with the text of 2255H and H2, that's the basis for saying it's debatable amongst jurists of reason. There's no jurists, just the text. I think I understand that answer. Can I ask a second question? I just want to make sure I get. Which is, I take your point that we should apply different standard for 924E and Johnson versus 924C and Davis with respect to this more likely than not Clay Wiese thing. Is there another area outside of this one where we apply different standards to Davis and Johnson claims? Yes, Your Honor. The court has recognized in the United States versus Reese that actual innocence is an exception to the procedural default defense for 924C claims. The court has not yet recognized that that doctrine extends to the context of the ACCA, and the court has explicitly rejected that with regard to section 16C. So I don't know if there's a case foreclosing the actual innocence argument for 924E claims, but that would be one way that they're different. The position of your office, and I just want to make sure we're clear on it, is that we should apply different legal standards to Davis and Johnson claims. I don't know that that's right, Your Honor. I think the question is, how does the gatekeeping standard, the Fifth Circuit's gatekeeping standard of the statutes, apply to a claim based on Davis? And as I say, there are two different decision makers involved in 924C. There's only one with regard to the ACCA. I'm so sorry. I must have screwed up the premise of the question. I was moving to a second issue, so I'm not going to ground one anymore. Now I'm talking about the more likely than not Clay thing and whether we apply that to 924E. So I'm sorry for alighting the distinction. And as to the third ground in the COA application, I just want to be clear. The position of your office is that we should apply different legal standards to Johnson and Davis claims. I'm not sure that I'm authorized to speak for the office. I'll say for these clients, our position is you should apply, may have relied across the board. That is the correct standard. If there is a district court gatekeeping role to play, there is no reason to then extend the more likely than not standard 924C. Now, as a tertiary position, you know, should they be different? Well, one of them is right. One of them we would contend is wrong. And so you don't have to apply the wrong one here. That would be sort of third level of what we're asking. Well, I must misunderstand something because I thought you just thought you were arguing that the standard we apply is what the district court actually did. Right. Which is what we do in the ACCA context. It's more likely than not that the district court sentenced under the elements rather than the residual clause. But here I thought everybody is debating what the jury convicted these people of. And that's why I frame my questions in terms of more likely than not what the jury convicted them of. Am I wrong? Judge Jones, I think those are all sort of open issues in this case. I would say they are properly considered in terms of the merits of a Davis claim and not at the gatekeeping stage. This is a Davis claim. The gatekeeping question is something the district court is supposed to answer before reaching the merits. But I think that the judgment reflects that the convictions of the counts were for conspiracy. The indictment charges that. Now, what I was saying is. The more likely than not standard to the extent it is applied. I am saying it should be applied to what the district court did back then. If it is to play at all rather than what the jury likely did back then. OK. I can see that my time has expired, Your Honors. I believe that you have time for rebuttal. OK. We'll go to Miss Mitchell. Good morning. May it please the court. Amy Mitchell on behalf of the United States. My name is Amy Mitchell. I am the attorney for the Davis case. Once a successive 2255 petitioner has received authorization from this court to proceed. He must then demonstrate to the district court that it is more likely than not that his claims rely on a new and retroactive rule of constitutional law. Here the operative case is Davis. That showing allows him to pass through the second gatekeeping requirement and have his claims considered on their merits. Here, the appellants cannot make that showing because the record in this case reveals that their 924 C convictions were not premised on conspiracy, as they allege. Typically, in these cases, we're arguing about the categorical approach and whether a predicate offense is a crime of violence. Here, we're all in agreement that conspiracy to commit a Hobbs act robbery is not a crime of violence. But this case requires us to consider something that's a more fundamental question. And that is what offense was the predicate for the 924 C convictions. Because of the judgments characterization of the Hobbs act offenses differs from the indictment and the jury instructions. That inquiry turns on the substance of the convictions as reflected in the language of the indictment and in the elements that the jury considered. Two cases provide our analytical framework here. And that is Weiss and Clay. And this court has applied the Weiss and Clay analysis to a Davis claim in an unpublished decision called Clark. And Weiss describes for an ACCA case, the dispositive question for jurisdiction to be whether the sentencing court relied on the residual clause in making its sentencing determination. Translated into a Davis case, where we're talking about a conviction. It's whether the fact finder, in this case, the jury relied on the residual clause in finding the defendants guilty of the 924 C's. Weiss directs the district court to look at the record and determine the nature of the conviction at issue, including at direct evidence in the record, other relevant legal materials, and as well as the legal landscape at the time. And then the district court has to make a finding of fact about whether the sentence or conviction relied on the residual clause. And here, after a thorough review of the record, the district court determined that as an historical fact, the 924 C offenses were premised on substantive robbery. Turning to the parts of the record that support that, first of all, the indictment. The indictment expressly charged the appellants with 924 C's that were premised on robbery, not on conspiracy or attempt. And each count of an indictment stands alone. The government's not required to charge the 924 C predicate as a separate offense. It is simply the fact of the offense, not the fact of the conviction that establishes the predicate for it. And that means the government has to prove the elements of the predicate offense, but it doesn't have to do so in a separate count. Now, the 924 C counts did incorporate the preceding count, but by their expressed terms, they included only the robbery. And for each Hobbs Act count, the robbery conduct was alleged there more specifically as a completed robbery. In this way, the defendants did take and obtain from the person or in the presence of the victim, obtained property. The Hobbs Act defense counts of the indictment, despite containing that more specific description of robbery, were duplicitous because they charged more than one offense in a single count. And that was never expressly addressed at the district court or on direct appeal. Contrary to appellant's assertion in their briefing, this is not the kind of general verdict that necessarily requires reversal. As the Supreme Court in Stromberg and this court in Connolly recognized, even where there is a general verdict with one valid ground for conviction and one invalid, a verdict need not be set aside or it is possible to conclusively determine that the jury relied on the valid ground. And here, the jury instructions demonstrate that they did rely on a valid ground. The district court instructed the jury only on substantive robbery and that ameliorates the indictment's error and supports the finding that appellant's 924 C convictions were not premised on conspiracy. In its instructions for the Hobbs Act counts, the district court referred to the offenses as, quote, robbery, unquote, at least 10 times and never referred to them as conspiracy. Then in discussing the Hobbs Act offense in relation to the 924 C instructions, the district court referenced, quote, robbery, unquote, another seven times in explaining the elements of the firearms offense. The district court also instructed the jury that bank robbery and robbery are crimes of violence. It said nothing about conspiracy or attempt being crimes of violence. The only instruction here about conspiracy was expressly discussed in relation to count one. That is the conspiracy to commit bank robbery count against defendant Lott. Then that instruction names Lott several times throughout it and explains that the conspiracy being talked about is to commit bank robbery. Assuming as the law requires that the jury followed its instructions, the only Hobbs Act offense they could find the appellants guilty of is the one they were instructed on and that's substantive robbery. Because the jury's instructions narrowed the jury's consideration to substantive robbery, we don't have to divine what the elements were that the jury considered. We know what they were and they were for substantive robbery. Or say we're sentenced according to robbery and not conspiracy, right? Or are the maximum, the district court erred in saying that the maximum was the same or the different, right? Yes, in terms of a Hobbs Act conspiracy, yes. Now, the conspiracy count in this case was charged as a 371 conspiracy. So that may have been where the district court was sort of like getting at that difference in a sentence. Here I think it's important to emphasize that while the statutory maximums are the same for both, we're talking about what the conviction was because it's that offense that has to be, that's the predicate for the 924C. The district court recognized in this case that describing the Hobbs Act offense counts as conspiracy was an error. And the appellant's emphasis on the number of times that it was called that, or called conspiracy, it seems to argue that that mischaracterization provides some substantive statement on the nature of the conviction. And it is binding on the government and on this court. But describing the Hobbs Act offenses as conspiracy misstates the true nature of the convictions. And it misstates the elements that the jury found the defendants guilty of. And no matter how many times that misstatement is repeated, it doesn't change those elements. It doesn't change the fact that these defendants were convicted of 924Cs that were premised on substantive robbery. Well, as I asked him, I didn't go back into the facts of what was shown to the jury. So how were these fellows explicitly tied to the robbery? They were, these were all completed robberies. Yeah. As the more specific language of the Hobbs Act section says, the defendants did take and obtain property from the. What did they do? They. I mean, I can go look at the record and some, but I'm asking you to tell me what did these guys do? The trial evidence showed that these defendants and through various combinations of themselves and their co-defendants would case a grocery store, an armored car, etc. And then go in with guns and demand that they receive the money. And all of these robberies were completed robberies. They received money in each case. So I assume I'm not doubting that a robbery occurred. I'm asking you, were these guys at the scene? Is that what the jury was able to find? Surely there was video of some kind. I don't know that there was video, probably just given the age of this case. But the co-defendants who testified recognized, identified them as participants in these robberies, as well as some of the victims were able to identify these defendants. Well, that's my point. That's my point. So if we see if the Weezy case says you look at the background, what is the most natural way for a jury to approach this if they're on the scene at the robberies? I would agree that it is robbery. It's not conspiracy and it's not attempt. As far as sometimes we get asked what's the best case, I think there's an analogy to be drawn between this case and Clay. Clay was an ACCA case. And at issue were his Mississippi House burglary convictions. And the PSR's description indicated that it was generic burglary. The problem was there were no conviction documents that conclusively said which statutory provision he was convicted under. So Mississippi apparently had more than one and some were generic burglary, some were not. The district court or this court said given that ambiguity, it couldn't rule out that the sentencing court may have relied on the residual clause, but may have was not enough to carry the burden. Similar to here, should the court believe there was any ambiguity about the predicate offense, that's not enough to meet the appellants more likely than not burden. This court has said many times in published and unpublished cases that it's not enough to show that their claims might rely or even that they're equally likely. That doesn't carry a preponderance of the evidence burden. What the record shows here is an indictment that expressly limited the 924 C predicate to substantive robbery and jury instructions that limited the jury's consideration to the elements of substantive robbery. The district court correctly found as a matter of historical fact that the appellants 924 C convictions were premised on substantive robbery. The judgment's misstatement about the Hobbs Act offenses should not nullify what the record demonstrates. And that is that the appellants cannot show that in substance and by a preponderance of the evidence, they were convicted of 924 C's that were premised on conspiracy or any other residual clause offense. As a result, their claims do not rely on Davis. The district court correctly found it lack jurisdiction and this court should affirm. If there are no other questions, I will return the rest of my time to the court. Thank you. Mr. Wright, rebuttal. Yes, Your Honor. I think current Fifth Circuit law holds or implies that conspiracy attempts and substantive or completed robbery under the Hobbs Act are divisible into multiple offenses. But I want you to imagine a world in which they are indivisible, that the Hobbs Act robbery provision defines a single offense about which the jury need not be unanimous. In that universe, our record looks exactly the way that it does today. And I think that that is one of the problem – our main problem with the government's position in this case is that it is imposing on the pad a distinction that the government did not see fit to draw at the time. The courts did not see fit to draw at the time. The parties did not see fit to draw at the time. And so I think it is undisputed. This is getting to my point about the crime of violence determination being one of law for the court and not fact for the jury is that as an indivisible offense, absolutely you would need the residual clause to count it as a crime of violence. It is not the defendants who took the position that these were all effectively one offense, but the government and the grand jury. That is how they were charged. So in saying that the jury predicated on one and not the other presumes that the jury understood there was a relevant distinction between those two, and it did not because the indictment informed the jury. It was called a robbery, but as charged in the previous count, that previous count made no distinction. The instructions themselves made no distinction between attempt and substantive robbery. Both were charged. So that is why this is a Davis claim. That is why we survive whatever second gatekeeping procedure applies in this case because you need the residual clause to count the Hobbs Act counts as a crime of violence. I think anything beyond that is a merits question. It is going to require a more detailed review of what is appropriate, and we are prepared to proceed on that. Judge Jones, I will say that the identification evidence for some of the robberies was disputed, and so this is why I say it is not undisputed. We are not admitting that we were present for the robberies. For instance, the first, I think, Hobbs Act count for Mr. Diggs that was tied to a 924C was a Swinford barbecue, and there was a dispute about whether or not he was driving the getaway car. He wasn't the one who carried the gun. He wasn't the one who went into the store. Even by the government's accusations, there was a dispute about whether he was the man driving the delivery car or not. The jury might have found that he was, and we don't dispute that at this point, but the jury was not required to find that he was. And so in that sense, these things were treated as interchangeable, and because of that, this is a true Davis claim, and under Fifth Circuit precedent, we prevail on that Davis claim in the same way that a 924C predicated on two separate crimes, two separate count, a conspiracy under RICO and a drug conspiracy. That cannot survive Davis. That's Fifth Circuit precedent. In this case, what we have is a single offense, as far as the jury knows, as far as the grand jury charge, that one does not require proof of the use, attempted use, or threatened use of physical force because it does not require proof of substantive robbery. But you agree that even though the indictment may have been duplicitous, if the court effectively charged only robbery, then they're only convicted of robbery. That's a much tougher question, Judge Jones, but that's not these facts, because the indictment's language is expressly incorporated into the verdict form that the jury had. You can see on the verdict form, the language is there. As alleged. I think it's as alleged is what you're doing to swoop in the entire indictment, right? No, Your Honor. The indictment itself, the language is on the verdict form. I'm talking about the jury form. The jury form said convicted of robbery as alleged. Right, as alleged in the previous. That is what brings in the charging language. As alleged. Right. That's what brings in the charging language of the previous case. And that's where you get into more likely than not, in my view. And, Your Honor, in our view, as far as the court and the jury are concerned, there was a single crime that was the predicate for each one. That single crime was defined by the court to include conspiracy, attempt, and substantive robbery. That is not a crime that remains a crime of violence after Davis, and it's incorporated in it. Your Honor, I see that my time has run out. Thank you. All right, sir. Thank you very much. We appreciate it. Au revoir.